UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>                     Plaintiff,<br><br>     v.<br><br>BERNERT BARGE LINES, INC., in personam; Tugboat KATHRYN B, Coast Guard No., CG137775, her engines, apparel, electronics, tackle, boats, appurtenances, etc., in rem; BARGE B-16, her engines, apparel, electronics, tackle, boats, appurtenances, etc., in rem; and DOE BARGE (a barge owned and operated by Bernert Barge Lines), her engines, apparel, electronics, tackle, boats, appurtenances, etc., in rem,<br><br>                     Defendants. | CASE NO: 2:23-CV-0189-TOR<br><br>PROTECTIVE ORDER |

      BEFORE THE COURT is the Parties' Joint Motion for Stipulated Protective Order. ECF No. 16. For good cause shown, the Court GRANTS the Parties' Motion.

      This case stems from an allision that occurred at Lower Granite Lock and

PROTECTIVE ORDER ~ 1

1  Dam, a facility operated by the United States Army Corps of Engineers, on July 5,
2  2021.  Because of the involvement of the United States Army Corps of Engineers
3  and sensitive security information and materials pertaining to Lower Granite Lock
4  and Dam, and with the agreement of the parties, the Court has determined that
5  there is good cause for issuance of a Protective Order pursuant to Federal Rule of
6  Civil Procedure 26(c) to govern the disclosure, use, and handling by the parties and
7  their respective agents, successors, and personal representatives of certain
8  information and items produced and received in discovery in the above-captioned
9  action.  Accordingly, it is hereby **ORDERED**:
10         1. In connection with discovery proceedings in this action, the United States
11 may designate any document, thing, material, testimony or other information
12 derived therefrom, as "Confidential" under the terms of this Stipulated Protective
13 Order ("Order"). Confidential information is information that the United States
14 Army Corps of Engineers has not made public and which the Army Corps of
15 Engineers has designated as concerning, or relating to, the security and operation
16 of the Lower Granite Dam and Navigational Lock. By designating a document,
17 thing, material, testimony or other information derived therefrom as "confidential,"
18 under the terms of this Order, the United States is certifying to the court that there
19 is a good faith basis both in law and in fact for the designation within the meaning
20 of Fed. R. Civ. P. 26(g).

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping "CONFIDENTIAL" on the cover of any multiple page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential ("Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

PROTECTIVE ORDER ~ 3

  (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

  (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

  (c) court reporter(s) employed in this action;

  (d) a witness at any deposition or other proceeding in this action; and

  (e) any other person to whom the parties agree to. Such agreement shall be in writing.

  Prior to receiving any Confidential Material, each above defined "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of the Attachment appearing at ECF No. 16-2.

  6. The United States may further designate certain discovery material or testimony of a highly confidential nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (Attorney's Eyes Only Material"), in the manner described in ¶¶ 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is

PROTECTIVE ORDER ~ 4

made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

7. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential - Subject to Court Order" and filed under seal until further order of this Court.

8. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

9. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice that parties in any way in any future application for modification of this Order.

10. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any

PROTECTIVE ORDER ~ 5

information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

      11. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for defendants shall assemble and return to the United States all documents, material and deposition transcripts designated as confidential and all copies of same.

      IT IS SO ORDERED.

      The District Court Clerk is directed to enter this Order and provide copies to counsel.

      DATED July 30, 2024.



                      THOMAS O. RICE
                 United States District Judge

PROTECTIVE ORDER ~ 6